**SOLO PRODUCTS CORPORATION v. KAYNAR MFG. CO., Inc.**
Civ. A. No. 9785.

United States District Court
E. D. New York.
May 11, 1950.

---

Thomas J. Byrne, New York City, for plaintiff, by William Weisman, New York City.

Davis, Hoxie & Faithfull, New York City, for defendant, by John Hoxie, New York City.

INCH, Chief Judge.

Plaintiff brought this action for a declaratory judgment that a certain patent issued and re-issued to Kenneth Reiner is invalid and has not been infringed by plaintiff, a New York corporation, in its manufacture of hair curler clamps.

Plaintiff further moves to enjoin defendant, a California corporation, or those in privity with it, from prosecuting an action subsequently brought in the United States District Court for the Southern District of California, by *Kenneth Reiner and Frank A. Klaus, Jr., doing business as Kaynar Manufacturing Co. v. Solo Products Corporation and H. A. Lindanger,* which charges those defendants (who are the plaintiff in this action and its California representative) with the infringement of the said patent.

The defendant corporation *here* opposes this motion for an injunction against the California suit, and also moves for a separate and preliminary trial of the issue of this Court's jurisdiction to entertain this action for a declaratory judgment.

The defendant corporation contends that it does not own the patent in question, but that it is owned by an individual, Kenneth Reiner, who holds title to the patent on behalf of the partnership of Reiner and Klaus, doing business as Kaynar Manufacturing Co., and that, at most, the defendant corporation has merely an oral implied license to manufacture under the patent. If that is true, it would follow that this Court has no jurisdiction to entertain this action because there could be no justiciable controversy between plaintiff and this corporate defendant with respect to the patent allegedly owned by Reiner. Reiner and Klaus have not been made parties to this action, either individually or as partners.

Plaintiff, on the other hand, contends that the defendant corporation and the partnership of Reiner and Klaus, doing business as Kaynar Manufacturing Co., are "in fact and in law one unit"; that the partners own all the stock and conduct all the business of the corporation which has acquired almost all the assets of the partnership, including this patent, so that the defendant corporation "is vested with equitable title to the patent involved".

Thus, on the pleadings and papers before me, there are real and substantial issues of fact upon which this Court's jurisdiction to entertain this action between these parties depends. This issue of jurisdiction should, therefore, be tried ahead of other issues in the action, and before I decide plaintiff's motion to enjoin the California suit.

Accordingly, defendant's motion for a separate trial on the *question of jurisdiction only* is granted and set down for hearing before me at 10:30 on Friday, May 26, 1950. Plaintiff's motion to stay the California suit will be held in abeyance until the determination of this issue. Pending the determination of the issue of jurisdiction, all proceedings in this action with respect to other issues will be stayed.

Settle order on notice.